**Rev. John Taylor QUEEN, Plaintiff,**

v.

**Vick P. EFIRD, Clerk of Court, District Attorney Office and Clerk of District Court, County of Mecklenburg, Charlotte, N. C., Defendants.**

No. C–C–81–29.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Jan. 27, 1981.

FINAL ORDER OF DISMISSAL

McMILLAN, District Judge.

The Rev. John Taylor Queen, a prisoner at the Wayne Correctional Center, brings

this action pursuant to 42 U.S.C. § 1983. He alleges in his complaint that the Mecklenburg County District Attorney's Office and the Clerk of the District Court violated his civil rights by refusing to allow him to file a complaint. That document, which plaintiff attached to his complaint in this case, purports to state a claim under 42 U.S.C. § 1983 against the Rev. Jim Bakker, "under the Bible for missussing [sic] the House of God." (Bakker is head of the television show formerly entitled "P.T.L. Club" but recently changed to "Jim Bakker.")

Although plaintiff headed that document as a complaint under section 1983, the document does not set out a civil claim of any sort. It invokes language from the Bible and accuses Mr. Bakker of panhandling in church, in violation of the New Testament which states in pertinent part:

> The Passover of the Jews was at hand, and Jesus went up to Jerusalem. In the temple he found those who were selling oxen and sheep and pigeons, and the money-changers at their business. And making a whip of cords, he drove them all, with the sheep and oxen, out of the temple; and he poured out the coins of the money-changers and overturned their tables.

John ch. 2, verses 13–15 (Revised Standard Version 1946).

 Under ordinary principles of judicial immunity, it would appear that the defendants, judicial officers acting in their judicial capacities, should not be held liable for damages or equitable relief for the transgressions alleged.

The First Amendment, protecting the free exercise of religion and protecting free speech and free press, would seem to be a substantial basis for the legality of any action by defendants which permits non-defamatory broadcasting, egregious, bizarre or otherwise, in the legitimate style of religion.

Although the money changers may still operate in the temples (in fact, they may *own* some of the most resplendent temples), this court lacks jurisdiction and the inspired muscle power to apply the summary remedy employed by Jesus Christ against the money changers in the temple at Jerusalem.

Finally, plaintiff does not allege that Mr. Bakker violated any North Carolina laws, and does not allege that he suffered any injury as a result of the alleged conduct of Bakker or the named defendants. It would therefore seem that, most charitably viewed, his complaint alleges *damnum absque injuria*.

The complaint does not state a claim for which, in this earthbound court, relief can be granted.

IT IS THEREFORE ORDERED:

1. That plaintiff be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, for filing purposes only.

2. That the action is dismissed.